UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOGAN LOVELLS US LLP,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP,<br><br>    Appellee. | Case Nos. 14-cv-04882-JD<br>14-cv-04883-JD<br>14-cv-04884-JD<br>14-cv-04885-JD<br>14-cv-04886-JD<br>14-cv-04887-JD<br>14-cv-04888-JD<br>14-cv-04889-JD |
| PILLSBURY WINTHROP SHAW PITTMAN LLP,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP,<br><br>    Appellee. | **ORDER GRANTING LEAVE TO APPEAL** |
| HOGAN LOVELLS US LLP, et al.,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP, et al.,<br><br>    Appellee. | |
| SEYFARTH SHAW LLP,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP,<br><br>    Appellee. | |

PERKINS COIE LLP,

    Appellant,

  v.

HOWREY LLP,

    Appellee.

NEAL, GERBER & EISENBERG LLP,

    Appellant,

  v.

HOWREY LLP,

    Appellee.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP,

    Appellant,

  v.

HOWREY LLP,

    Appellee.

SHEPPARD MULLIN RICHTER & HAMPTON LLP,

    Appellant,

  v.

HOWREY LLP,

    Appellee.

JONES DAY,

    Appellant,

  v.

HOWREY LLP,

    Appellee.

**INTRODUCTION**

This case arises out of the dissolution of Howrey LLP, a prominent law firm headquartered in Washington, D.C. In the wake of the dissolution, Howrey's bankruptcy trustee brought suit in this district's bankruptcy court against various law firms that had taken on former Howrey partners -- some before Howrey's dissolution and some afterwards. After the bankruptcy court denied the law firm defendants' motion to dismiss the suit, the firms asked this Court to grant review of the bankruptcy court's decision. Because the law firms have satisfied the standards for appealing non-final bankruptcy court decisions to the district court, the Court grants the request for an appeal.

**BACKGROUND**

The question that sparked this appeal is whether a partner who leaves a law firm must in certain circumstances account to the firm for unfinished client matters she took with her. Howrey's bankruptcy trustee claimed she must, and sued a number of firms that took on Howrey partners to recover profits generated on "unfinished business" that originated at Howrey. The trustee has pursued firms irrespective of whether the ex-Howrey partners they hired left before or after dissolution.

The question for the partners who left Howrey upon dissolution has an added complexity. Howrey and these partners executed a "*Jewel* waiver" -- named after the California state court of appeal decision *Jewel v. Boxer*, 203 Cal. Rptr. 13 (Cal. Ct. App. 1984) -- whereby the firm waived any claims to profits that its ex-partners might earn in the future. The trustee challenged the *Jewel* waiver as a fraud on Howrey's creditors, and argued it should not preclude the trustee from pursuing the firms that took on Howrey partners who stayed until the firm's end. After the law firm defendants moved to dismiss the trustee's lawsuit, the bankruptcy court issued two opinions agreeing with the trustee that certain pre- and post-dissolution unfinished business claims were viable under D.C. law and denied the motions to dismiss. *See In re Howrey LLP (Howrey I)*, Ch. 11 Case No. 11-31376-DM; Adv. No. 13-3095-DM, 2014 WL 507511, at *11-13 (Bankr. N.D. Cal. Feb. 7, 2014); *In re Howrey (Howrey II)*, 515 B.R. 624, 628, 630-32 (Bankr. N.D. Cal. 2014).

This is not the first case involving these issues. The bankruptcy court, interpreting California law, reached the same conclusion on post-dissolution unfinished business in a 2009 case involving the now-defunct law firm Brobeck, Phleger & Harrison LLP. *See In re Brobeck, Phleger & Harrison LLP*, 408 B.R. 318, 336-40 (Bankr. N.D. Cal. 2009). The bankruptcy court also reached the same conclusion -- again interpreting California law -- in a case involving the dissolution of Heller Ehrman LLP. A district court in our district reversed the bankruptcy court on appeal in that case, and found that "the California Supreme Court would likely hold that hourly fee matters are not partnership property and therefore are not 'unfinished business' subject to any duty to account." *Heller Ehrman LLP v. Davis, Wright, Tremaine, LLP*, Nos. C 14-01236 CRB, C 14-01237 CRB, C 14-01238 CRB, C 14-01239 CRB, 2014 WL 2609743, at *1 (N.D. Cal. Jun. 11, 2014). Just a few weeks later, the New York Court of Appeals concluded that New York law required the same result. *In re Thelen LLP*, 24 N.Y.3d 16 (2014).

The bankruptcy court's second dismissal order in this action acknowledged the cases applying California and New York law to preclude unfinished business theories similar to those the trustee advances here, but concluded that a different result is compelled by the law of the District of Columbia, Howrey's former home. *Howrey II*, 515 B.R. at 628. But recognizing that the question is "unsettled and serious," the bankruptcy court recently certified the question for interlocutory appeal to the Ninth Circuit. Bankr. Ct. Mem. re Certification for Direct Appeal to Ct. App. at 8, Case No. 14-cv-04889-JD, Dkt. No. 7-2. The parties have fully briefed the law firm defendants' motion for leave to appeal to this Court, and have also filed supplemental briefs on what role, if any, the certification for direct appeal to the Ninth Circuit should play in this Court's decision to grant the motion for leave to appeal. Case No. 14-cv-04889-JD, Dkt. Nos. 1, 7, 8.

## LEGAL STANDARD

District courts have discretionary jurisdiction over interlocutory bankruptcy appeals. 28 U.S.C. § 158(a)(3). In deciding whether to grant leave to appeal an interlocutory order under section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. § 1292(b), which governs review by courts of appeals of interlocutory district court orders. *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001); *United States Fire Ins. Co. v. Official Comm. of Unsecured*

*Creditors (In re Plant Insulation Co.)*, No. C 09-4222 RS, 2010 WL 1526320 at *2 (N.D. Cal. April 14, 2010). Under that provision, an interlocutory appeal is appropriate if the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## DISCUSSION

### A. The Case Presents a Controlling Question of Law

This proposed appeal turns purely on a question of District of Columbia law that, if resolved in the law firm defendants' favor, will wholly dispose of the case. Because the bankruptcy trustee does not dispute that this prong is met, the Court need not address it further. Trustee Opp. to Mot. for Leave to Appeal at 6, Case No. 14-cv-04889-JD, Dkt. No. 1.

### B. A Substantial Ground for Difference of Opinion Exists

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.*

A substantial ground for difference of opinion clearly exists here. As discussed above, different courts have come to disparate conclusions about whether law firms that hire lateral partners are on the hook to prior firms for profits earned from client matters those partners bring with them. The bankruptcy trustee tries to downplay these differences by arguing that *Heller* and *Thelen* did not interpret D.C. law and therefore cannot be grounds for finding a difference of opinion about the District's law. It points out that the law firm defendants do not contend that a split of authority exists among D.C. courts on this issue.

But the trustee defines the driving legal question too narrowly. Although *Heller*, *Thelen*, and the bankruptcy court decision here interpreted the laws of different jurisdictions, they necessarily addressed -- and came to contrary conclusions about -- common issues of law. For

3

example, *Heller* distinguished the *Jewel* decision from the California Court of Appeals, which held that a law firm had rights to unfinished business its partners took with them, in part because *Jewel* applied the Uniform Partnership Act ("UPA"), which has since been superseded by the Revised Uniform Partnership Act ("RUPA"). *See Heller*, 2014 WL 2609743, at *4. The *Heller* court called this change in the law "significant." *Id.* The bankruptcy court here based its conclusions on UPA-era cases, and must have concluded -- in contrast to *Heller* -- that D.C.'s replacement of UPA with RUPA did not affect the validity of those precedents. And the bankruptcy trustee claims its position is supported by a recent Eleventh Circuit case applying RUPA, which if true -- a question on which the Court expresses no opinion at this time -- is further evidence that courts have split on this issue. Trustee Opp. at 16 (discussing *Buckley Towers Condominium, Inc. v. Katzman Garfinkel Rosenbaum, LLP*, 519 F. App'x 657, 662 n.6 (11th Cir. 2013) (unpublished)).

The bankruptcy court itself acknowledged that decisions applying the law of other jurisdictions may nevertheless involve common issues of law, writing that "[t]he analytic steps taken by [the Southern District of New York interpreting New York law] are a perfect proxy for analyzing D.C. law here." *Howrey I*, 2014 WL 507511, at *6 (citing *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP (In re Coudert Brothers LLP)*, 480 B.R. 145 (S.D.N.Y. 2012), *rev'd*, 574 Fed. App'x 15 (2d Cir. 2014)). Ultimately, though, the New York Court of Appeals -- answering questions certified to it by the Second Circuit during the appeal of the Southern District of New York decision -- concluded that "pending hourly-fee matters are not partnership 'property' or 'unfinished business'" under New York law. *Thelen*, 24 N.Y.3d at 22. If a decision applying another state's law is persuasive when its conclusion matches the bankruptcy court's, a decision applying that same state's law surely creates a "substantial ground for difference of opinion" when its conclusion differs from the bankruptcy court's.

In addition, a substantial ground for difference of opinion would exist even in the absence of directly contradictory cases. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Stated

4

another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* In the certification for direct appeal to the Ninth Circuit, the bankruptcy court pointed out that there is no controlling authority from the Ninth Circuit or Supreme Court on the issues at play in this appeal, despite the fact that "the matter is of significant public importance to the legal community." Bankr. Ct. Mem. at 7-8 (listing law review articles). The Court concludes that both the fact that courts have come to different conclusions on the issues presented and the novelty of the issues themselves militate in favor of finding this prong satisfied.

### C. Granting the Interlocutory Appeal will Materially Advance the Ultimate Termination of the Litigation

Granting the appeal will also increase the chances of a quick end to this litigation. If the law firm defendants prevail on the question of whether Howrey is entitled to profits on unfinished business its ex-partners took with them, these suits will be over. The trustee rightly cautions against assuming the law firms will win. But if the appeal is granted, they will have *some* chance of prevailing at an early stage; as it stands now, they have none.

The bankruptcy court, in certifying the matter for direct appeal to the Ninth Circuit, summarized the situation by stating that "an immediate disposition of this question will clearly 'advance the progress of the case or proceeding in which the appeal is taken'" because "[i]f the direct appeal is taken and decided favorably for the appellants, the litigation will come to an end without the parties having to engage in what no doubt will be very expensive and time consuming discovery and other pre-trial activity and the subsequent trials, judgments and appeals." Bankr. Ct. Mem. at 9. On the other hand, "[i]f the matters are resolved favorably to the Trustee, that quite likely will facilitate prompt consensual resolution of these disputes." *Id.* The Court agrees. This factor weighs in favor of an interlocutory appeal as well.

5

## CONCLUSION

Consequently, the Court grants the law firm defendants' motion for an interlocutory appeal of the bankruptcy court's order denying the motion to dismiss the operative complaint. The Court sets a case management conference for December 3, 2014, at 1:30 p.m.

**IT IS SO ORDERED**.

Dated: November 20, 2014

_____
JAMES DONATO
United States District Judge