UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOGAN LOVELLS US LLP,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP,<br><br>    Appellee. | Case Nos.  14-cv-04882-JD<br>14-cv-04883-JD<br>14-cv-04884-JD<br>14-cv-04885-JD<br>14-cv-04886-JD<br>14-cv-04887-JD<br>14-cv-04888-JD<br>14-cv-04889-JD |
| PILLSBURY WINTHROP SHAW PITTMAN LLP,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP,<br><br>    Appellee. | **ORDER DISMISSING CASES** |
| SEYFARTH SHAW LLP,<br><br>    Appellant,<br><br>    v.<br><br>HOWREY LLP,<br><br>    Appellee. | |

| | |
|---|---|
| PERKINS COIE LLP, | |
| Appellant, | |
| v. | |
| HOWREY LLP, | |
| Appellee. | |
| NEAL, GERBER & EISENBERG LLP, | |
| Appellant, | |
| v. | |
| HOWREY LLP, | |
| Appellee. | |
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, | |
| Appellant, | |
| v. | |
| HOWREY LLP, | |
| Appellee. | |
| SHEPPARD MULLIN RICHTER & HAMPTON LLP, | |
| Appellant, | |
| v. | |
| HOWREY LLP, | |
| Appellee. | |
| JONES DAY, | |
| Appellant, | |
| v. | |
| HOWREY LLP, | |
| Appellee. | |

In these consolidated cases, eight law firms that provided legal services to former clients of debtor Howrey LLP appealed the bankruptcy court's denial of their motions to dismiss. The debtor's trustee filed complaints in the bankruptcy court seeking to recover profits from the eight firms after they hired former Howrey partners and were engaged by former Howrey clients. On appeal, the Court applied the law of the District of Columbia, where Howrey operated as a limited liability partnership before its dissolution, to conclude that the legal services provided by the new firms were new matters and not property of the Howrey partnership, and that the partnership could not recover profits associated with post-dissolution partners earned by the new firms. Similarly, profits associated with pre-dissolution partners were not recoverable either. Consequently, the Court reversed the bankruptcy court, and dismissed the cases with prejudice. *See generally* Dkt. No. 41 in Case No. 14-cv-04889-JD.

The Court noted that the highest court in the District, the District of Columbia Court of Appeals, had not directly determined whether a bankrupt partnership had a property interest in substantively new representations of its former clients by competing firms. *Id.* at 1. When the debtor's trustee appealed the order dismissing the cases, the Ninth Circuit certified that question, and related issues, to the District of Columbia Court of Appeals. *Diamond v. Hogan Lovells US LLP* (*Howrey I*), 883 F.3d 1140 (9th Cir. 2018). The District of Columbia court accepted the certified questions, and answered them in a detailed opinion. *Diamond v. Hogan Lovells US LLP* (*Howrey II*), 224 A.3d 1007 (D.C. 2020). It reached the same conclusion as this Court for similar reasons.

The Ninth Circuit adopted the District of Columbia opinion *in toto* and remanded the matter to this Court for further consistent proceedings. *Diamond Tr. of Estate of Howrey LLP v. Hogan Lovells US LLP* (*Howrey III*), 950 F.3d 1200, 1203 (9th Cir. 2020) (mem.). It is not entirely clear what those proceedings might be, given that the Court's order of dismissal had in effect been affirmed by the District of Columbia court. In addition, this matter has been closed in this Court for some time. No party has expressed an interest in further proceedings since the circuit opinion was published and its mandate was issued.

In any event, the Court concludes this matter by adopting the District of Columbia opinion. For the reasons stated in that opinion, the bankruptcy court's order denying dismissal is reversed, and an amended judgment will be entered in favor of appellants and against appellees.

**IT IS SO ORDERED.**

Dated: June 15, 2020

_____
JAMES DONATO
United States District Judge